

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Sumit Sud**
*Assistant Corporation Counsel*
ssud@law.nyc.gov
(212) 788-1096
(212) 788-9776 (fax)

March 17, 2008

**BY HAND DELIVERY**
The Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

Re:  Marcus Evens v. City of New York et al.
     08 Civ. 01727(WHP)

Your Honor,

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. I write to respectfully request that defendant City of New York be granted an enlargement of time from the present date until May 16, 2008, to answer or otherwise respond to plaintiff's complaint. Plaintiff's counsel Robin Smith, Esq., consents to this request. This is defendant City's first request for an enlargement of time to answer.

    In addition to the City of New York, plaintiff names Police Officers Tommy Sterns as a defendant. Upon reviewing the Civil Docket Sheet for the above referenced matter, it does not appear that Police Officer Stern has been served with process. A decision concerning this Office's representation of Officer Stern has not yet been made and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff alleges that, on or about June 18, 2005, he was falsely arrested by the defendant police officer, without cause or justification in the vicinity of Knapp Street and Brown Street in Brooklyn. In addition, plaintiff alleges he was wrongly detained for approximately 38 hours. Plaintiff also appears to allege that he was maliciously

prosecuted insofar as the underlying criminal charges brought against him may have been dismissed by the District Attorney's Office on September 22, 2005. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from his underlying criminal prosecution, including the Criminal Court file, the District Attorney's file, and even our own police records. Furthermore, plaintiff alleges that as a result of his arrest, he suffered emotional injuries, as such, this office is also in the process of forwarding a HIPPA compliant medical release to plaintiff so that we can access plaintiff's medical records.

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended until May 16, 2008. Thank you for your consideration of this request.

Respectfully submitted,

Sumit Sud (SS 2781)
Assistant Corporation Counsel

cc:   Robin C. Smith
      44 Court Street, Suite 917
      Brooklyn, New York 11201  (By First Class Mail)

Application Granted.
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.